**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHERIE DIAZ,<br><br>　　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>ONE TECHNOLOGIES, LLC,<br><br>　　　　　　Defendant-Appellee. | No.　22-55190<br><br>D.C. No. 2:21-cv-08571-GW-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George Wu, District Judge, Presiding

Argued and Submitted September 12, 2023
Pasadena, California

Before:  M. SMITH, FRIEDLAND, and MILLER, Circuit Judges

Plaintiff Cherie Diaz appeals from the dismissal of her complaint pursuant to

Federal Rule of Civil Procedure 12(b)(2).[1]  We have jurisdiction pursuant to 28

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Diaz also appeals the denial of her motion to remand for lack of subject matter jurisdiction.  We have discretion to decide questions of personal jurisdiction before subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999), and we exercise that discretion here.

U.S.C. § 1291, and we affirm.[2]

Because the parties are familiar with the facts, we recount them only as necessary here. Diaz contends that the court has personal jurisdiction over One Technologies because it (1) directs an email marketing campaign to California users and (2) operates an interactive website available to and targeting California users. Both arguments fail.

First, One Technologies' affiliate-sent marketing emails do not subject it to specific personal jurisdiction in California because One Technologies does not send or otherwise control the emails.

Personal jurisdiction can only "arise out of contacts that the 'defendant [itself]' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). However, "[f]or purposes of personal jurisdiction, the actions of an agent are attributable to the principal." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990). To find an agency relationship, the "parent company must have the right to substantially control its subsidiary's activities." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1024–25 (9th Cir. 2017).

Diaz has not alleged that One Technologies has substantial control over its

---

[2] We deny One Technologies' motion for leave to file supplemental briefing, Dkt. 54, as unnecessary and do not consider it in this disposition.

third-party publishers' email activities.  In her complaint, Diaz alleges that One Technologies "admits to having no control over the email[s] sent" because "Defendant admitted under oath that it has no control over the emails."  One Technologies' Compliance Manager also declared that the publishers "control all aspects of transmitting the emails," "make fundamental decisions concerning the emails themselves," and "choos[e] each email's recipient."  Diaz has not pointed to any provision in One Technologies' "affiliate agreement" that gives it substantial control over marketing, strategy, or recipients.

Second, Diaz's position that One Technologies purposefully avails itself of California's jurisdiction by operating an interactive website targeting Californians also fails.  Diaz's claims do not arise out of or relate to One Technologies' website. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

In each case Diaz cites in which personal jurisdiction was held to exist in part because of a website, the plaintiffs' claims related to the defendants' websites themselves.  *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 448 (3rd Cir. 2003) (defendant allegedly "used its Internet web sites to engage in trademark infringement"); *Plixer Int'l v. Scrutinizer GmbH*, 905 F.3d 1, 4–5 (1st Cir. 2018) (similar); *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1088 (9th Cir. 2023) (defendant allegedly made unauthorized sales of plaintiff products from a website); *Will Co. Ltd. v. Lee*, 47 F.4th 917, 919 (9th Cir. 2022) (defendant

3

allegedly violated copyright laws by hosting material on its website).  Diaz complains of the receipt of deceptive emails, not the use of One Technologies' website.

The district court also did not abuse its discretion by denying Diaz's request for jurisdictional discovery, as she and One Technologies denied the existence of an agency relationship between One Technologies and its publishers.  *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006).

**AFFIRMED.**